IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT A. MYRICK,
     Plaintiff,

vs.                           Case No: 3:06cv78/LAC/EMT

RON MCNESBY, et al.,
     Defendants.
_____/

**<u>ORDER</u>**

     This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 7).  From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants.  Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

     Named as Defendants are Escambia County Sheriff Ron McNesby and Deputy Sheriff Derrick Sterling (Doc. 1 at 1-2).  Plaintiff alleges that on the night of March 17, 2002, Defendant Sterling responded to the intersection of Delano and "W" Streets in Pensacola, Florida (Doc. 1 at 7). He then falsely accused Plaintiff of intentionally hitting a vehicle with his truck, thereby committing the offenses of Aggravated Battery and Criminal Mischief (*id*).  Plaintiff alleges that Sterling knew he did not hit the vehicle, but he arrested Plaintiff nonetheless and later prepared a fabricated offense report (*id.*).  Plaintiff proceeded to a trial, apparently on charges of Aggravated Battery and Criminal Mischief, and Sterling testified as a prosecution witness on March 7, 2003 (*id.* at 7(A)).  Plaintiff alleges that Sterling testified falsely, consistent with the "fraudulent and fabricated" offense report (*id.*).  As a result, Plaintiff alleges he was required to "spend 28 months of his life in jail and prison" (*id.*).

Plaintiff alleges violations of his due process rights under both the Fifth and Fourteenth Amendments and his right to equal protection under the Fourteenth Amendment, as well as violations of Florida Statutes concerning the investigation and reporting of vehicle crashes (*id.* at 7(A)-8(A)). As relief Plaintiff seeks $12,000,000.00 in monetary damages (*id.* at 8).

Initially, although Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus. Based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), dismissal of the instant action appears warranted. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 114 S.Ct. at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). Similarly, to the extent Plaintiff seeks damages attributable to the fact that he was wrongly incarcerated, Heck would require dismissal of this action unless Plaintiff establishes that his sentence or conviction has been invalidated. It appears from Plaintiff's complaint that neither has occurred, as Plaintiff alleges he was sentenced to twenty-eight months incarceration in 2003 and has not filed any state or federal lawsuits, including habeas corpus petitions, since that time (*see* Doc. 1 at 5-6, 7(A)). Unless Plaintiff alleges facts demonstrating that his underlying conviction or sentence has been invalidated, this case is subject to dismissal.

If Plaintiff's case is not subject to dismissal under the authority of Heck, Plaintiff is advised that he has failed to state an equal protection claim. The Equal Protection Clause requires that the government treat similarly situated people in a similar manner. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). In order "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other persons who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest," such as race, gender, or religion. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001). Thus, in order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S.Ct. 2326, 2331, 120 L.Ed.2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). Plaintiff must also allege Defendants acted with the intent to discriminate against him. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998); Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

In the instant case, Plaintiff does not allege, nor do the facts suggest, that he belonged to a protected class (e.g., based upon his race, gender, or religion), that he was treated differently from other persons who were similarly situated to him, or that Defendants intended to discriminate against him. Thus, his equal protection claim is subject to dismissal.

Additionally, Plaintiff has failed to state a claim against Defendant McNesby. Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in

deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."  Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994).  The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58-59 (7th Cir. 1996).  Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  Cottone, 326 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff has alleged no facts suggesting that Defendant McNesby personally participated in the alleged unconstitutional conduct, had knowledge of the conduct, or directed any subordinate to act in an unconstitutional manner.  Similarly, Plaintiff has alleged no facts suggesting a "history of widespread abuse" that would put McNesby on notice of a problem or the need the correct any problem.  In sum, Plaintiff has failed to state a constitutional claim against McNesby, therefore, Plaintiff should drop him as a Defendant.

Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged

constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint.  Additionally, <u>Plaintiff shall clarify the nature of the state criminal charges brought against him, the nature of the charges for which he was convicted, and whether any conviction has been invalidated</u>.  In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1.      The clerk is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in section 1983 cases.  This case number should be written on the form.

2.      Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form.  Alternatively, Plaintiff should file a notice of voluntary dismissal within the same time.

3.      Failure to submit an amended complaint as instructed may result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 31<u>st</u> day of May 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**